## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ANIS PRISNEL,

      Petitioner,

vs.                                    No. CIV 26-0761 JB/GBW

WARDEN, Otero Processing Center;
MARY DE ANDA-YBARRA, Field Office
Director, El Paso Field Office, United
States Immigration and Customs Enforcement;
TODD M. LYONS, Acting Director, United
States Immigration and Customs Enforcement;
Secretary, Secretary of Homeland Security;
PAMELA JO BONDI, Attorney General
of the United States, in their official capacities,

      Respondents.

## MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings of Fact and Recommended Disposition, filed May 13, 2026 (Doc. 13)("PFRD"). Objections are due no later than June 1, 2026.[1] The parties do not file any objections. Because the Court concludes that the PFRD is not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, the Court adopts the PFRD and dismisses the Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, filed March 13, 2026 (Doc. 1)("Petition").

## LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS

---

[1] See Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a).").

District courts may refer dispositive motions to a magistrate judge for a recommended disposition. <u>See</u> Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement."). Rule 72(b)(2) of the Federal Rules of Civil Procedure governs objections to recommendations from a Magistrate Judge and provides that, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(3). Under the rule, when resolving objections "the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to by a party. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute." <u>United States v. One Parcel of Real Property, with Buildings, Appurtenances, Improvements & Contents</u>, 73 F.3d 1057, 1059 (10th Cir. 1996)(quoting <u>Thomas v. Arn</u>, 474 U.S. 140, 147 (1985))("<u>One Parcel</u>"). As the United States Court of Appeals for the Tenth Circuit has notes, "the filing of objections advances the interests that underlie the Magistrate's Act, including judicial efficiency." <u>One Parcel</u>, 73 F.3d at 1059 (citing <u>Niehaus v. Kan. Bar Ass'n</u>, 793 F.2d

1159, 1165 (10th Cir. 1986) and United States v. Walters, 638 F.2d 947, 949 (6th Cir. 1981)).

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s] adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" One Parcel, 73 F.3d at 1059 (citations omitted). In addition to requiring specificity in objections, the Tenth Circuit states that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit states that "the district court correctly held that [a petitioner] had waived argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).[2]

In One Parcel, the Tenth Circuit, in accord with the other United States Courts of

---

[2] The Court can rely on an unpublished Tenth Circuit opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A)("Unpublished opinions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit states:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir.2005)(citations omitted). The Court concludes that Pevehouse v. Scibana, 229 F. App'x at 796, has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

Appeals, expands the waiver rule to cover objections that are timely but too general.  See One

Parcel, 73 F.3d at 1060.  The Supreme Court of the United States -- in the course of approving

the United States Court of Appeals for the Sixth Circuit's use of the waiver rule -- notes:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings. The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report.  See S. Rep. No. 94-625, pp. 9-10 (1976) (hereafter Senate Report); H.R. Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereafter House Report).  There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate judge's report than the court considers appropriate.  Moreover, the Subcommittee that drafted and held hearing on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates.  Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or ruling on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time." See Jurisdiction of the United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975)(emphasis added)(hereafter Senate Hearings).  The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice.  See id., at 11 ("If any objections come in, . . . I review [the record] and decide it.  If no objections come in, I merely sign the magistrate's order.").  The Judicial Conference of the United States, which supported the de novo standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report. See Senate Hearings, at 35, 37.  Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review.  There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed.  It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort.  We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 150-52 (footnotes omitted).

The Tenth Circuit also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations.")(citations omitted)).  Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask," a failure to object "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard").  In One Parcel, the Tenth Circuit notes that the Honorable H. Dale Cook, United States District Judge for the Northern District of Oklahoma, had decided sua sponte to conduct a de novo review despite the objections' lack of specificity.  See One Parcel, 73 F.3d at 1060.  The Tenth Circuit holds, however, that it would deem the objections waived on appeal, "because only an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act that led us to adopt a waiver rule in the first instance."  One Parcel, 73 F.3d at 1060-61 (citing cases from other Courts of Appeals where district courts elected to address merits despite potential application of the waiver rule, but the Courts of Appeals enforces the waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's PFRD "on . . . dispositive motions, the statute calls for a de novo determination, not a de novo hearing."  United States v. Raddatz, 447 U.S. 667, 674 (1980).  "[I]n providing for a 'de novo determination' rather than a de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and

recommendations." United States v. Raddatz, 447 U.S. at 676 (quoting 28 U.S.C. § 636(b), and citing Mathews v. Weber, 423 U.S. 261, 275 (1976)).  The Tenth Circuit requires a "district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation" when conducting a de novo review of a party's timely, specific objections to the Magistrate Judge's PFRD.  In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995).  "When objections are made to the magistrate's factual findings based on conflicting testimony or evidence . . . the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing."  Gee v. Estes, 829 F.2d 1005, 1008-09 (10th Cir. 1987).

A district court must "clearly indicate that it is conducting a de novo determination" when a party objects to the Magistrate Judge's PFRD "based upon conflicting evidence or testimony." Gee v. Estes, 829 F.2d at 1009.  On the other hand, a district court fails to meet 28 U.S.C. § 636(b)(1)'s requirements when it indicates that it gives "considerable deference to the magistrate's order."  Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988).  A district court need not, however, "make any specific findings; the district court must merely conduct a de novo review of the record."  Garcia v. City of Albuquerque, 232 F.3d 760, 766 (10th Cir. 2000). "[T]he district court is presumed to know that de novo review is required. Consequently, a brief order expressly stating the court conducted de novo review is sufficient."  Northington v. Marin, 102 F.3d 1564, 1570 (10th Cir. 1996)(citing In re Griego, 64 F.3d at 583-84).  "[E]xpress references to de novo review in [a district court's] order must be taken to mean it properly considered the pertinent portions of the record, absent some clear indication otherwise."  Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d 722, 724 (10th Cir. 1993).  The Tenth Circuit holds that a district court properly conducts a de novo review of a party's evidentiary objections when the district court's "terse" order contains one sentence for each of the party's "substantive claims"

and does "not mention his procedural challenges to the jurisdiction of the magistrate to hear the motion." Garcia v. City of Albuquerque, 232 F.3d at 766. The Tenth Circuit explains that brief district court orders that "merely repeat the language of § 636(b)(1) to indicate its compliance" are sufficient to demonstrate that the district court conducts a de novo review:

> It is common practice among district judges in this circuit to make such a statement and adopt the magistrate judges' recommended dispositions when they find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis. We cannot interpret the district court's statement as establishing that it failed to perform the required de novo review.

In re Griego, 64 F.3d at 584.

Notably, because a district court may place whatever reliance it chooses on a Magistrate Judge's PFRD, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), as "Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations," United States v. Raddatz, 447 U.S. at 676 (emphasis omitted). See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d at 724-25 (holding that the district court's adoption of the Magistrate Judge's "particular reasonable-hour estimates" is consistent with the de novo determination that 28 U.S.C. § 636(b)(1) and United States v. Raddatz require).

Where no party objects to the Magistrate Judge's PFRD, the Court still reviews the Magistrate Judge's PFRD. In Pablo v. Soc. Sec. Admin., No. CIV 11-0132 JB/ACT, 2013 WL 1010401 (D.N.M. Feb. 27, 2013)(Browning, J.), the plaintiff fails to respond to the Magistrate Judge's PFRD, and thus waives his right to appeal the PFRD, but the Court nevertheless conducts a review. See Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *4. The Court generally does not "review the PF[]RD de novo, because the parties have not objected thereto, but rather review[s]

the recommendations to determine whether they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion." Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *4. The Court, thus, does not determine independently what it would do if the issues had come before the Court first, but rather adopts the PFRD where "[t]he Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion." Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *3. See Alexandre v. Astrue, No. CIV 11-0384 JB/SMV, 2013 WL 1010439, at *4 (D.N.M. Feb. 27, 2013)(Browning, J.)("The Court rather reviewed the findings and recommendations of the Honorable Stephan M. Vidmar, United States Magistrate Judge, to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. The Court determines that they are not, and will therefore adopt the PFRD."); Trujillo v. Soc. Sec. Admin., No. CIV 12-1125 JB/KBM, 2013 WL 1009050, at *5 (D.N.M. Feb. 28, 2013)(Browning, J.)(adopting the PFRD, and noting: "The Court did not review the [the Magistrate Judge's PFRD] de novo, because Trujillo has not objected to it, but rather reviewed the . . . findings and recommendations to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, which they are not."). This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and is more consistent with the waiver rule's intent than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate.").

## ANALYSIS

The Court has carefully reviewed the PFRD and the docket in this case. The Court does

not review the PFRD de novo, because the parties have not objected to it. Instead, the Court reviews the PFRD to determine if it is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, and has determined that the PFRD is not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.

**IT IS ORDERED** that: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed May 13, 2026 (Doc. 13), is adopted; and (ii) the Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Docs. 1, 6) is dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

Anis Prisnel
Chaparral, New Mexico

    *Petitioner pro se*

Christina Muscarella Gooch
Sutin, Thayer & Browne
Albuquerque, New Mexico

    *Attorneys for Respondent Warden, Otero County Processing Center*

Todd Blanche
  Acting United States Attorney General
Ryan Ellison
  First Assistant United States Attorney
Ryan Posey
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for Respondents, Mary De Anda-Ybarra, Field Office Director of Enforcement and Removal Operations, El Paso Field Office, Immigration and Customs Enforcement; Todd M. Lyons Acting Director, United States Immigration and Customs Enforcement; Secretary, U.S. Department of Homeland Security; Pamela Jo Bondi, Attorney General of the United States, in their official capacities*